# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WASEEM DAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV416-158 |
| | ) |
| SCOTT L. POFF and UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, incarcerated plaintiff Waseem Daker has filed a 42 U.S.C. § 1983 and Federal Tort Claims Act Complaint against the Clerk of this Court and the United States. Doc. 1. His case, however, must be dismissed because he has three strikes under 28 U.S.C. § 1915(g) and is thus prohibited from proceeding IFP without showing that he is in imminent danger of serious physical injury.

Indigent prisoners, although they must eventually pay the full civil filing fee, may avoid prepayment under 28 U.S.C. § 1915. To do so, they must first surmount § 1915(g), which states:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner barred from proceeding IFP due to the three strikes provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *See Searcy v. Fifth Judicial Circuit of Fla.*, 615 F. App'x 652, 653 (11th Cir. Sept. 2, 2015); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). If he doesn't, the district court must dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

This Court's own docket and PACER reveal a multitude of 1915(g) strikes for Daker. *See Daker v. Bryson*, 2015 WL 4973548 at * 1 (M.D. Ga. Aug. 20, 2015) ("A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed more than one hundred federal civil actions and appeals since 1999."); *In re Daker*, 2014 WL 2548135 at * 2 (N.D. Ga. June 5, 2014) (summarizing Plaintiff's litigation history); *Daker v. Head*,

CV614-047, doc. 13 (S.D. Ga. September 8, 2014) (Report and Recommendation and denying Plaintiff leave to proceed in forma pauperis due to three striker status). *See generally Boney v. Hickey*, 2014 WL 4103918 at * 4-5 (S.D. Fla. Aug. 15, 2014) (collecting examples of what constitutes a § 1915(g) strike, including lost appeals).

Daker fails to present any allegations of imminent danger that may result in serious physical harm. *Skillern v. Jackson*, 2006 WL 1687752 at * 2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). Because he is barred by § 1915(g), Waseem Daker's IFP motions (doc. 2) is **DENIED** and his complaint should be **DISMISSED**.[1]

**SO REPORTED AND RECOMMENDED,** this  28th  day of June, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] If Daker's paper war against this Court continues, more severe sanctions will be imposed. *See, e.g., Hurt v. Zimmerman*, CV415-260, doc. 5 (S.D. Ga. Nov. 4, 2015) (subjecting Daker-level frivolous filer to stringent review process in order to safeguard judicial resources).