# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

WASEEM DAKER,

    Plaintiff,

v.      Case No. CV416-158

SCOTT L. POFF and UNITED
STATES OF AMERICA,

    Defendants.

## ORDER

Last month the undersigned recommended dismissing Waseem Daker's Complaint "because he has three strikes under 28 U.S.C. § 1915(g) and is thus prohibited from proceeding [*in forma pauperis*] IFP without showing that he is in imminent danger of serious physical injury." Doc. 4 at 1. Daker objected, contending that *Daker v. Commissioner, Georgia Department of Corrections*, 820 F.3d 1278 (11th Cir. 2016) eliminates his prior cases from counting as strikes.[1] Doc. 7 at 2.

---

[1] *Daker* held that dismissals for want of prosecution and lack of jurisdiction (the vast majority of Daker's cases wash out on one of those grounds) cannot, without more, count as strikes under § 1915(g). 820 F.3d at 1284. Going further, the Court also held that dismissing a prisoner's case or appeal for want of prosecution *after* a single

1

Because Daker's extensive litigation history[2] makes a full review of his past filings exceedingly onerous, it's unclear whether that's in fact true.[3] Nevertheless, in an abundance of caution, the Court **VACATES** its previous recommendation (doc. 4).

Strike issues aside, questions remain about Daker's IFP eligibility. Publically available tax records indicate he owns a home appraised at $398,100. *See* Exhibit A. Daker says he still owes $345,000 (doc. 2 at 3), which means the home retains at least $43,100 in equity. By other estimates (which might better reflect the actual market value of the home), it has about *$168,000* in equity. *See* Exhibit B.

And, as the Northern District of Georgia (the court Daker abuses most) put it:

> Daker has acknowledged that he has permitted family members to live in his house while he is incarcerated. ('The following persons live in my house: my father, Anas Daker, my mother, Amal Daker,

---

circuit judge denies leave to proceed IFP because of frivolous claims does not count as a strike. *Id.* at 1285.

[2] *See Daker*, 820 F.3d at 1281 ("Daker has submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts.").

[3] The Court has reviewed a sample of the cases listed under "Waseem Daker" on PACER. None of them reveal determinations that his "action or appeal," at least after *Daker*, was frivolous, malicious, or failed to state a claim. 28 U.S.C. § 1915(e)(2)(B).

and my brother, Jameh Daker.') Whether those family members are paying rent or other consideration or whether their residence in the house simply precludes Daker from generating income from paying renters, there is plainly a substantial income stream associated with the house that Daker is either not disclosing or voluntarily electing to forego in order to claim indigence.

Furthermore, other substantial assets that Daker has disclosed in past IFP affidavits, including, for example, 'a car that is paid off in full,' have vanished without explanation from Daker's subsequent disclosures of assets, even as he continues to claim that he has "had no income" since January 10, 2010, *Daker v. Motokwa*, No. 14-55653 (9th Cir. 2014) [IFP Affidavit filed on May 19, 2014, Item 11]. And Daker has stated that he granted a power of attorney to a relative to handle his financial affairs outside of prison so that 'said information' would not be subject to 'monitoring' by prison officials without ever disclosing the nature of and value of the assets that he is permitting others to manage on his behalf.

As noted above, this information, which has been revealed only in bits and pieces over time, unmistakably indicates that Daker has abused the judicial process by filing IFP affidavits that conceal and/or misstate his real assets and income.

*In re Daker*, 2014 WL 2548135 at * 3 (N.D. Ga. June 5, 2014) (cites omitted).[4]

Wary of indigency claims in the face of a history of dubious IFP filings, and cognizant of how easily one may consume a public resource

---

[4] Daker appealed the Northern District's decision, but, as with many of his appeals, the Eleventh Circuit subsequently dismissed it for want of prosecution. *See Daker v. Warren*, No. 14-14572 (11th Cir. Jan. 8, 2015).

3

with no financial skin in the game,[5] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Love v. Veterans Affairs*, 2016 WL 3030180 at * 2 (S.D. Ga. May 25, 2016).[6]

To that end, it tolerates no lies. *Johnson v. Chisolm*, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North*

---

[5] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at * 1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

[6] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying IFP status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

*America, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court."); *see also Justice v. Granville Cnty. Bd. of Educ.*, 2012 WL 1801949 at * 5 (E.D.N.C. May 17, 2012) ("[T]o dismiss without prejudice where an applicant intentionally lies on an IFP form would encourage the very perjury Congress sought to deter in § 1915."), *aff'd sub nom.*, 479 F. App'x 451 (4th Cir. 2012). "Perjury is a fraud on the court. It strikes at the heart of the integrity of the judicial system and is incompatible with the values underlying any system of justice." *Mullins v. Hallmark Data Sys., LLC*, 511 F. Supp. 2d 928, 942-43 (N.D. Ill. 2007); *id.* at 943 ("The disposition of this case (and others in which the plaintiff has intentionally falsified an IFP application and affidavit) is governed by Dewey's insight that: "Liability is the beginning of responsibility."). And, in some cases, it can result in prosecution. *See United States v. Sanchez*, 227 F. App'x 412, 413 (5th Cir. 2007) (defendant "properly chargeable with perjury" where he lied in his "IFP application and during his initial appearance" for possession with intent to distribute

marijuana charges); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

Daker's utter indigency claim is, at a minimum, dubious. He therefore must disclose[7] the following information:

1. What he spends each month for basic living expenses while in prison, *and* what he spends on others, whether they're incarcerated or not;

---

[7] Two important points must be underscored here:

First, proceeding [IFP] in a civil case is a *privilege* or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at * 1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

2. Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

3. The dollar value of any public or private assistance he may receive;

4. Whether he owns any means of transportation;

5. Whether he owns any electronic devices, collectibles, or any other item worth more than $100;

6. Whether he has any credit or debit cards;

7. Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

8. Whether he anticipates *any* future income (within the next year) from any source;

9. The identity of any person or entity holding any form of wealth on his behalf, and include their contact information plus the net value of that wealth; and

10. A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Providing this information will better illuminate Daker's true financial condition. In that regard, he must again declare the facts he pleads to be true, and sign his name to that declaration -- under penalty

of perjury.[8] If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for plaintiff's convenience. Failure to comply with this directive -- either by not providing the requested information, or by selectively answering the above questions -- within 14 days of the date this Order is served will result in a recommendation of dismissal. *Kareem v. Home Source Rental*, 2014 WL 24347 at * 1 (S.D. Ga. Jan. 2, 2014). Finally, Daker's utterly frivolous recusal motion (doc. 8) is **DENIED**.[9]

---

[8] As the Court made clear in its now-vacated R&R, if Daker continues to peddle frivolous litigation, he will suffer more serve sanctions and, potentially, perjury prosecution. The Court simply will not allow him to waste judicial resources, and delay adjudication of other, legitimate disputes. Daker may have weaseled his way into avoiding § 1915(g)'s three-strikes rule, but no amount of devious ingenuity will avoid the consequences if his pattern of frivolity continues. *See Hurt v. Zimmerman*, CV415-260, doc. 5 (S.D. Ga. Nov. 4, 2015) (subjecting Daker-level frivolous filer to stringent review process in order to safeguard judicial resources).

[9] Daker seeks the undersigned's recusal because of the previous R&R's sanctions warning. *See* doc. 8 at 3. He also contends that the entire Southern District bench should recuse because he's sued the Court's Clerk. *Id.* at 1-2. Because (1) no one could reasonably question the impartiality of this district's judges regarding this

**SO ORDERED**, this 25-TH day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

matter, 28 U.S.C. § 455(a), and (2) no judge holds "a personal bias or prejudice" towards Daker, § 455(b)(1), his motion fails.